IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EDUARDO ORTEGA,**

    Movant/Defendant,

vs.                                       **CIVIL NO. 06-0164 JP/DJS**
                                                    Criminal No. 03-766 JP

**UNITED STATES OF AMERICA,**

    Respondent/Plaintiff.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**[1]

1. This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated as a result of his conviction for Conspiracy to Distribute 500 Grams or More of Methamphetamine, contrary to 21 U.S.C. §846 and Use of a Telephone to Facilitate a Drug Trafficking Offense contrary to 21 U.S.C. § 843(b). Movant pleaded guilty to each of those crimes. Following his conviction, he was sentenced to one hundred and twenty months imprisonment for the conspiracy charge and forty-eight months imprisonment for the use of a telephone in furtherance charge, the sentences to be run concurrent for a total period of incarceration

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

of one hundred and twenty months. Movant did not file a direct appeal. His plea agreement included a waiver of his right to appeal his conviction and any sentence within the statutory maximum. United States v. Eduardo Ortega, 03-Cr-766 JP, Plea Agreement filed 1/27/05, p. 6 (Docket No. 609).

2. By the instant motion Movant asserts that his sentence of one hundred ant twenty months incarceration is in excess of the statutory maximum reflected by his admission. Further, and despite the explicit waiver of appeal in the plea agreement, Movant contends that his attorney provided him with ineffective assistance of counsel by failing to file a notice of appeal.

3. Movant asserts that the trial court's application of United States v. Booker, 543 U.S. 220 (2005) resulted in an *ex post facto* violation fo the Constitution, as the prevailing rule at the time he committed the crimes restricted the statutory maximum to the top end of the Sentencing Guideline range admitted by him. Unfortunately for Movant's contention, the Tenth Circuit Court of Appeals has held that retroactive application of the advisory Sentencing Guidelines regime does not violate the *ex post facto* component of the Due Process Clause. United States v. Portillo Quezada, 469 F.3d 1345, 1355 (10th Cir. 2006).

4. Movant's claim of ineffective assistance of counsel is similarly unavailing. In evaluating a claim of ineffective assistance of counsel, the Court must apply the standard announced in Strickland v. Washington, 466 U.S. 668 (1984). This standard requires him to show that his counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Strickland, 466 U.S. at 687-688, 694. In the context of a guilty plea, Movant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

5. Movant's ineffective assistance of counsel claim relies upon his *ex post facto* argument, which has been rejected by the courts. As the sentence imposed was within the statutory maximum of life imprisonment as contemplated by the plea agreement, his attorney had no grounds to appeal. Movant asserts that he was a non-violent drug offender who was surprised by the length of his sentence. However, his first plea agreement specified a ten-year sentence. United States v. Eduardo Ortega, 03-Cr-766 JP, Plea Agreement filed 8/12/04 (Docket No. 516). After that plea was rejected, he signed a second agreement which did not include an agreement as to sentencing, but which noted that he understood that the minimum penalty as to the first count was a period of imprisonment of not less than ten years. United States v. Eduardo Ortega, 03-Cr-766 JP, Plea Agreement filed 1/27/05, p. 2 (Docket No. 609). The plea agreement also specified that Movant agreed to forfeit as proceeds from or assets used in his crimes, among other things, nearly twelve thousand dollars in cash, three handguns, and a shotgun seized from his residence. Id. at 5. Movant's surprise at his sentence in the face of his explicit plea agreement is unlikely. Regardless, the failure to file an appeal was not only consistent with the explicit terms of the plea agreement, but any such appeal would have been futile given the rejection of Movant's theory regarding the *ex post facto* clause. Accordingly, Movant's counsel was not ineffective.

**RECOMMENDED DISPOSITION:**

That the §2255 motion be dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**